FILED'06 MAR 06 17:24USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARY ANN HUFF,                                    Civ No. 05-1831-AA

      Plaintiff,                               OPINION AND ORDER

   v.

CITY OF PORTLAND and
ZARI SANTNER,

      Defendants.
_____

Lynn R. Nakamoto
Markowitz, Herbold, Glade & Mehlhaf, P.C.
Suite 3000, Pacwest Center
1211 S.W. Fifth Avenue
Portland, OR 97204
   Attorney for plaintiff

David A. Landrum
Jenifer Johnston
Deputy City Attorneys
Office of City Attorney
1221 S.W. Fourth Avenue, Room 430
Portland, OR 97204
   Attorneys for defendant

1 - OPINION AND ORDER

AIKEN, Judge:

Plaintiff, Mary Ann Huff, filed suit against the City of Portland (the City), and her former supervisor, Zari Santner, alleging wrongful discharge, whistleblower retaliation under Or. Rev. Stat § 659A.203, and violation of her First Amendment and equal protection rights under 42 U.S.C. § 1983. Defendants move to dismiss plaintiff's wrongful discharge and equal protection claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted. For the reasons set forth below, defendants' motion is denied.

BACKGROUND

Taking all of the allegations as true, plaintiff's complaint alleges the following facts.

Plaintiff was employed by the City as Parks Operations Division Manager of the Portland Bureau of Parks and Recreation (the Bureau). Defendant Santner was the Director of the Bureau and plaintiff's superior.

In early January 2004, plaintiff questioned the expenditure of the City's general fund monies to provide an annual six-figure subsidy to Portland Metropolitan Softball Association, Inc. (PMSA), a non-profit corporation that managed East Delta Park.

Between April and July of 2004, plaintiff reviewed PMSA's operation of East Delta Park, particularly its use of financial resources. Plaintiff discovered that, contrary to what the

2 - OPINION AND ORDER

Bureau's cost-of-services analysis reflected, Delta Park was operating at a significant loss to the City.

In July 2004, plaintiff reported her findings to Santner and asked that the cost of services for PMSA and Delta Park be accurately reflected in the Bureau's analysis. A few weeks later, Santner told plaintiff that she had been rude to PMSA's representative at an April 2004 meeting and asked plaintiff not to have any further contact with PMSA.

In September 2004, Santner announced her plan to reorganize the Bureau and ceased scheduling one-on-one meetings with plaintiff. Plaintiff alleges that she was excluded from meetings discussing the reorganization, while other managers were invited to participate.

On November 12, 2004, plaintiff was formally notified that her position within the Bureau was being eliminated as a result of the reorganization. Plaintiff alleges that the job description of the new position which incorporated her duties was written so as to render plaintiff unqualified for the position. Plaintiff also alleges that she did not receive e-mails discussing the new position and that she was discouraged from applying for the position by Santner's executive assistant.

On January 24, 2005, plaintiff's position was formally eliminated. Plaintiff then served as a temporary management analyst and was eligible for redeployment pursuant to City

3 - OPINION AND ORDER

regulations.  She applied for a vacant position as a lower-level
manager within the Bureau, but her application was rejected, even
though the City admitted she was well-qualified.

     In June 2005, defendants terminated plaintiff's temporary
employment with the Bureau.

                            STANDARD

     Under Fed. R. Civ. P. 12(b)(6), dismissal for failure to state
a claim is proper only when it appears to a certainty that the
plaintiff can prove no set of facts in support of her claim that
would entitle her to relief.  Morley v. Walker, 175 F.3d 756, 769
(9th Cir. 1999).  Plaintiff's complaint will be liberally construed
in her favor, and the allegations within the complaint are taken as
true.  Lee v. County of L.A., 240 F.3d 754, 764 (9th Cir. 2001).

                           DISCUSSION

A. Wrongful Discharge Claim

     Defendants move to dismiss plaintiff's wrongful discharge
claim brought against the City because plaintiff has an adequate
statutory remedy under her whistleblower claim brought against the
City and her § 1983 claim brought against Santner for retaliation
in violation of her First Amendment rights.

     Under Oregon law, the availability of a common law remedy is
conditioned upon the absence of an adequate statutory remedy.
Price v. Multnomah County, 132 F. Supp. 2d 1290, 1295 n.6 (D. Or.
2001) (citing Delaney v. Taco Time Int'l, Inc., 297 Or. 10, 16, 681

4 - OPINION AND ORDER

P.2d 114 (1984)). The purpose of the wrongful discharge tort "is not to vindicate the individual interests of the employee by assuring that he or she receives the maximum possible recovery, but rather to protect important public policies by punishing conduct that thwarts those interests." Draper v. Astoria Sch. Dist. No. 1C, 995 F. Supp. 1122, 1130 (D. Or. 1998). Thus, a wrongful discharge claim is unavailable if a statutory remedy adequately protects the public interest in question. Id. at 1130-31.

Recently, the Oregon Court of Appeals held that a defendant seeking to dismiss a common law claim because the plaintiff has an adequate statutory remedy must show two things: (1) the statutory remedy is adequate in comparison to the common law remedy, and (2) the legislature intended that the statute abrogate the common law. Olsen v. Deschutes County, 204 Or. App. 7, 14, 127 P.3d 655 (2006) (citing Holien v. Sears, Roebuck & Co., 298 Or. 76, 90-91, 689 P.2d 1292 (1984)). Further, in the case of Oregon's whistleblower statute, the court found that "the legislature clearly and affirmatively expressed its intention that the statutory claim *not* supercede common-law claims." Id. at 16. Therefore, pursuant to Olsen, a plaintiff asserting whistleblower retaliation under Or. Rev. Stat. § 659A.203 may also sue in tort for wrongful discharge. See id. at 17.

In light of Olsen, defendants concede that plaintiff's

5 - OPINION AND ORDER

whistleblower claim does not preclude her wrongful discharge claim. However, the issue remains whether plaintiff has an adequate remedy through her § 1983 claim against Santner. Defendants argue that the remedies permitted under § 1983 for First Amendment retaliation are not only adequate but actually exceed those available under the wrongful discharge theory. Defendants also emphasize that plaintiff's § 1983 retaliation claim and her whistleblower claim are based upon the same factual allegations and seek to remedy the same alleged conduct, i.e., defendants' termination of plaintiff for speaking out against the City's funding of PMSA.

Generally, this court recognizes that § 1983 provides adequate statutory remedies and precludes a claim for wrongful discharge when based upon the same allegations. See, e.g., Draper, 995 F. Supp. 1122; Baynton v. Wyatt, 2006 WL 219618 (D. Or. Jan. 25, 2006); Minter v. Multnomah County, 2002 WL 31496404 (D. Or. May 10, 2002). However, plaintiff emphasizes that her § 1983 claim and wrongful discharge claim are not brought against the same defendants. Therefore, plaintiff contends that because the First Amendment claim under § 1983 is asserted against Santner and not the City, it cannot provide an adequate remedy against the City for her wrongful termination and therefore does not preclude her claim for wrongful discharge. I agree.

As explained in Draper v. Astoria Sch. Dist., a § 1983 claim will not always provide a remedy adequate to preclude an action for

6 - OPINION AND ORDER

wrongful discharge.   995 F. Supp. at 1131.   Further, in Dier v.
City of Hillsboro, 2004 WL 1243845, at *11 (D. Or. Mar. 18, 2004),
this court held that the plaintiff's wrongful discharge claim was
*not* precluded by her § 1983 claim because plaintiff could assert no
theory under which the defendant City could be held liable under §
1983.   "Under the particular circumstances of this case, this Court
concludes  there  is  no  adequate  statutory  remedy  available  to
Plaintiff *against this Defendant* under § 1983 . . . ." Id. at *11
(emphasis added).

    Employing the reasoning of Draper and Dier, I find that § 1983
must be available against the same defendant in order to preclude
the common law claim of wrongful discharge.   Here, plaintiff has
not sued the City under § 1983, presumably because the facts
alleged do not support a viable § 1983 claim against it.[1]   This
effectively renders § 1983 unavailable as an adequate statutory
remedy against the City for plaintiff's alleged wrongful discharge.

_____

     [1] Although defendants cite this court's decision in Carlton
v. Marion County, 2004 WL 1442598 (D. Or. Feb. 19, 2004), to
support their argument that plaintiff's wrongful discharge claim
is precluded, I find Carlton distinguishable.   In Carlton, the
plaintiff alleged § 1983 and wrongful discharge claims against
both Marion County and individual defendants.   Id. at *1.   Even
though the plaintiff voluntarily withdrew her § 1983 claim
against all defendants because it was likely time-barred, the
court found that § 1983 would have provided an adequate remedy.
Id. at *4.   Here, plaintiff has never alleged a § 1983 claim
against the City; rather, the issue is whether a § 1983 claim
brought against an individual defendant provides an adequate
remedy and precludes a wrongful discharge claim brought against a
governmental entity.   Because this was not at issue in Carlton, I
find that Carlton is not controlling.

Thus, plaintiff's § 1983 claim against Santner does not preclude plaintiff's wrongful discharge claim against the City.

B. Equal Protection Claim

Defendants also move to dismiss plaintiff's claim against Santner for violation of plaintiff's equal protection rights under § 1983. Specifically, defendants argue that plaintiff cannot bring a "class-of-one" claim in the employment context, and even if plaintiff is permitted to bring an equal protection claim as a class of one, plaintiff has not alleged facts sufficient to state such a claim.

In support of her equal protection claim, plaintiff relies upon the "class-of-one" theory. Under this theory, a plaintiff does not claim to be a member of a specific class that the defendant discriminates against but rather argues that the defendant arbitrarily and without rational basis treated the plaintiff worse than someone similarly situated. Lauth v. McCollum, 424 F.3d 631, 633 (7th Cir. 2005). The class-of-one theory was expressly recognized by the United States Supreme Court in Village of Willowbrook v. Olech, 528 U.S. 562 (2000) (per curiam). To assert this claim, plaintiff must allege that "she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Id. at 564.

For example, in Village of Willowbrook v. Olech, the Olechs

8 - OPINION AND ORDER

asked the Village to connect their property to the municipal water supply, but the Village would not approve the connection unless the Olechs granted the Village a 33-foot easement over their property. Id. at 563.   The Olechs objected because the Village had required 15-foot easements from other property owners seeking similar access to the water supply.   Id.  Claiming an equal protection violation, the Olechs sued the Village, arguing that the demand for a 33-foot easement was "irrational and wholly arbitrary" and in excess of that required of other property owners similarly situated.   Id.

The Supreme Court held that the Olechs' allegations were sufficient to state a claim for relief under the Equal Protection Clause.   Id. at 565.   The Court explained that the number of individuals in a class is immaterial for equal protection analysis, and that the Court had previously recognized claims involving a class of one where the plaintiff alleged being intentionally treated differently than similarly situated individuals with no rational basis for the disparate treatment.   Id. at 564 & n.* (citing Sioux City Bridge Co. v. Dakota County, 260 U.S. 441 (1923) (involving unequal treatment in property taxation), and Allegheny Pittsburgh Coal Co. v. County Comm'n of Webster County, 488 U.S. 336 (1989) (involving unequal treatment in property taxation)).

In their motion to dismiss, defendants argue that the Supreme Court never intended its decision in Olech to extend beyond municipal property disputes.   See Cain v. Tigard-Tualatin Sch.

Dist. 23J, 262 F. Supp. 2d 1120, 1130 (D. Or. 2002) (stating that
the Supreme Court would have spoken more clearly in Olech if it
intended to extend the Equal Protection Clause to every instance of
arbitrary state action). However, plaintiff notes that this court
recently allowed a public employee's equal protection claim to
proceed under a class-of-one theory, finding that the language in
Olech is "broad and propounds no intention to limit the holding [to
regulatory contexts]." Engquist v. Or. Dep't of Agric., 2004 WL
2066748, at *4 (D. Or. Sept. 14, 2004).

Similarly, other circuit courts have permitted class-of-one
claims in the employment context, both before and after the Olech
decision. See, e.g., Levenstein v. Salafsky, 414 F.3d 767 (7th
Cir. 2004); Bartell v. Aurora Pub. Schs., 263 F.3d 1143 (10th Cir.
2001); Ziegler v. Jackson, 638 F.2d 776 (5th Cir. 1981). While the
Ninth Circuit has not yet ruled to extend the class-of-one theory
to the employment context, the general trend among other circuits
is to do so, even if reluctantly. See, e.g., Lauth, 424 F.3d at
633 (allowing the plaintiff's class-of-one claim, but noting that
when "the unequal treatment arises out of the employment relation,
the case for federal judicial intervention in the name of equal
protection is especially thin"). Accordingly, I find that
plaintiff may rely upon the class-of-one theory in this case.

The next question is whether plaintiff asserts facts
sufficient to state an equal protection claim under the class-of-

10 - OPINION AND ORDER

one theory. Defendants argue that plaintiff fails to allege facts
showing the requisite level of similarity to other employees who
were treated differently. See, e.g., Purze v. Vill. of Winthrop
Harbor, 286 F.3d 452, 455 (7th Cir. 2002) (requiring a plaintiff to
demonstrate that she was treated differently than someone who is
"prima facie identical in all relevant respects"); Neilson v.
D'Angelis, 409 F.3d 100, 104 (2d Cir. 2005) (citing Purze and
stating that the similarity between the plaintiff and others "must
be extremely high").

However, there is no heightened pleading requirement for civil
rights claims under § 1983. Leatherman v. Tarrant County Narcotics
Intelligence & Coordination Unit, 507 U.S. 163, 164, 168 (1993)
(finding it "impossible to square" a heightened pleading standard
for § 1983 claims with the liberal system of notice pleading set up
by the Federal Rules). As the Supreme Court has noted:

[T]he Federal Rules of Civil Procedure do not require a
claimant to set out in detail the facts upon which he
bases his claim. To the contrary, all the Rules require
is a "short and plain statement of the claim" that will
give the defendant fair notice of what the plaintiff's
claim is and the grounds upon which it rests.

Id. at 168 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Here, plaintiff alleges that Santner "intentionally [subjected
plaintiff] to different treatment from others similarly situated,
in an arbitrary and capricious manner, without a rational basis."
Plaintiff's First Amended Complaint, ¶ 52. Plaintiff also alleges
that this disparate treatment included "subjecting her to activity

11 - OPINION AND ORDER

designed to ensure that [she] would not be able to remain as an employee, the termination of [plaintiff's] employment, and the refusal to redeploy her to a position for which she was obviously well-qualified." Plaintiff's First Amended Complaint, ¶ 53. In accordance with federal notice-pleading standards, I find that plaintiff has sufficiently alleged a claim for which relief can be granted.

CONCLUSION

For the reasons set forth above, defendants' Motion to Dismiss (doc. 10) is DENIED.

IT IS SO ORDERED.

Dated this ____6____ day of March, 2006.


_____
Ann Aiken
United States District Judge

12 - OPINION AND ORDER